UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID BATEMAN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-6338 |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendant American Bankers Insurance Company of Florida's ("American Bankers") unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants the motion.

I.     **BACKGROUND**

Plaintiffs David and Claire Bateman own property in Golden Meadow, Louisiana, that was allegedly damaged by Hurricane Ida in August 2021.[2] Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") from American Bankers covering the property before the hurricane.[3] The SFIP is

---

[1]     R. Doc. 7.
[2]     R. Doc. 4-2 ¶¶ 3-5.
[3]     *Id.* ¶ 4; R. Doc. 4 at 3-4.

provided through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA") under the National Flood Insurance Act ("NFIA"). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 385–86 (5th Cir. 2005). "The terms of SFIP policies are dictated by FEMA," *id.* at 386, and are currently found in title 44 of the Code of Federal Regulations at part 61, appendix (A)(1). Although American Bankers is nominally plaintiffs' insurer, "[p]ayments on SFIP claims ultimately come from the federal treasury." *Wright*, 415 F.3d at 386. In administering the policy, American Bankers acts as a "fiscal agent of the United States," and is known as a Write Your Own ("WYO") insurer. *Id.* The SFIP includes the following provision:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim. . . . This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[4]

After Hurricane Ida, plaintiffs filed a proof of loss with American Bankers.[5] On February 19, 2022, American Bankers issued a letter advising plaintiffs of the amount of covered damages that it would pay and denying

---

[4] R. Doc. 7-3 at 23.
[5] R. Doc. 1-2 ¶¶ 6-9.

part of plaintiffs' claim.[6] Plaintiffs filed a petition in state court on August 29, 2023, alleging breach of contract, negligence, and a violation of the Louisiana Insurance Code's bad faith statutes, La. Rev. Stat. Ann. §§ 22:1892 and 1973, and seeking compensatory and special damages as well as attorneys' fees, costs, and interest.[7] American Bankers now moves to dismiss the action, arguing that the breach of contract claim is time-barred and that the extra-contractual claims are preempted by federal law.[8]

The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

---

[6] R. Doc. 7-4.
[7] R. Doc. 1-2 ¶¶ 12-18.
[8] R. Doc. 7-1.

228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)). Courts have generally concluded that when a plaintiff's complaint alleges the denial of all or part of an insurance claim, it is appropriate to consider the letter denying coverage under Rule 12(b)(6). *See Verret v. SafeCo Ins. Co. of Am.*, No. 23-2292, 2023 WL 5608018, at *4 (E.D. La. Aug. 30, 2023) (considering WYO insurer's denial letter under Rule 12(b)(6) to determine whether claims were time-barred); *Clutter v. Long*, No. 17-4833, 2018 WL 5456675, at *10 n.4 (E.D.N.Y. Aug. 31, 2018), *report and recommendation adopted*, 2018 WL 4853053 (E.D.N.Y. Sept. 28, 2018) (concluding that the court could consider

a WYO insurer's denial letter under Rule 12(b)(6) to determine whether claims were time-barred); *Franklin Cty. Comm'n v. Madden*, No. 19-230, 2019 WL 4143042, at *3 n.11 (N.D. Al. Aug. 30, 2019) (holding that the court could consider denial letter when plaintiff alleged breach of contract claim based on insurer's refusal to pay claim); *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 586 (D. Md. June 17, 2019) ("Plaintiff cannot rely on the Denial Letter to assert its claim and then seek to foreclose the Court's consideration of it merely by failing to attach it."); *see also Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 891-92 (5th Cir. 2020) ("When 'facts are admitted or are not controverted' . . . a district court 'may consider' other 'sources' when deciding a Rule 12(b)(6) motion, such as 'documents incorporated into the complaint by reference or integral to the claim . . . items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.").

### III. DISCUSSION

#### A. Breach of Contract

The NFIA provides that a claimant on a policy issued under the Act may institute an action to dispute a disallowance of all or part of a claim only "within one year after the date of mailing of notice of disallowance or partial

5

disallowance by the" WYO insurer. 42 U.S.C. § 4072. The SFIP issued by American Bankers to plaintiffs expressly incorporates this limitation.[9]

American Bankers mailed a letter to plaintiffs on February 19, 2022, stating that it "denied a portion of [plaintiffs'] claim" and that it was "denying coverage" for certain enumerated claimed losses.[10] The Fifth Circuit has repeatedly held that letters containing similar language constitute "notice[s] of disallowance" that start NFIA's one-year clock. *See McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022) (letter included language referring to a determination as "a decision to deny coverage"); *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 781 (5th Cir. 2019) (letter included language stating that WYO insurer would "deny coverage for various items that [the insured] claimed"). Plaintiffs filed the state court petition on August 29, 2023, more than one year after American Bankers mailed the notice of partial disallowance. Thus, plaintiffs' claims for breach of the insurance contract are time-barred under the NFIA, and must be dismissed.

### B. Extracontractual Claims

---

9      R. Doc. 7-3 at 23.
10     R. Doc. 7-4 at 1-3.

6

The Fifth Circuit has held that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright*, 415 F.3d at 390. The Fifth Circuit has also held that "a prevailing plaintiff is not entitled to recover the penalty and attorney's fees provided by Louisiana [law]" in a suit to recover payments on a flood insurance policy issued under NFIA. *West v. Harris*, 573 F.2d 873, 882 (5th Cir. 1978). The Fifth Circuit subsequently recognized that claims against a WYO insurer under Louisiana's general bad faith breach of contract cause of action, La. Civ. Code art. 1997, and under Louisiana's bad faith adjustment of claim statute, La. Rev. Stat. Ann. § 22:1220, are preempted. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 343-45 (5th Cir. 2005).

Based on the foregoing authorities, the Court finds that plaintiffs' extra-contractual state law tort and statutory claims must be dismissed as preempted. *See Blount v. Wright Nat'l Flood Ins. Co.*, No. 22-4416, 2023 WL 1992320, at *2 (E.D. La. Feb. 14, 2023) (dismissing claims against WYO insurer for violations of La. Rev. Stat. Ann. §§ 22:1892 and 22:1973, special damages, attorneys' fees, costs, penalties, and pre- and post-judgment interest as federally preempted); *Favaro v. Wright Nat'l Flood Ins. Co.*, No. 17-1711, 2018 WL 3419271, at *2-3 (M.D. La. July 13, 2018) (same).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.  Plaintiffs' claims are dismissed WITH PREJUDICE.

New Orleans, Louisiana, this ___1st___ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE